WILLIAM H. CLAPP, RESPONDENT, *v.* THE TOWN OF ELLINGTON, APPELLANT.

*Duty of commissioners of highways to construct and maintain bridges — they are not required to construct bridges which will insure the safety of persons, passing over them in a manner and with vehicles involving peculiar and special danger.*

While the plaintiff, on September 1, 1885, was passing over a highway bridge in the town of Ellington, riding upon a traction engine, propelled by steam power, with a tank attached, weighing together 8,500 pounds, the bridge broke down and the plaintiff was injured. Upon the trial of an action, brought by the plaintiff, to recover damages because of such injury, evidence was given tending to show that one of the beams of the bridge had become rotten; that it had not been repaired, and that it was in consequence of the defective condition of the bridge that the injury occurred.

The defendant's counsel asked the court to charge the jury that "it was not the official duty of the highway commissioner to so construct and maintain the bridge in question as to insure the safety of persons passing over it in a manner

involving peculiar and special danger arising from the unusual way and method of construction and manner of locomotion of the vehicle used in passing over it ; " also, to charge that "if the jury are satisfied, from the evidence, that the vehicle upon which the plaintiff was riding, and with which he was connected in passing over the bridge at the time of the accident in question, was unusual and extraordinary in weight, in method of construction or manner of propelling the same along the highway, and such unusual weight, method of construction and locomotion was such as to cause unusual and extraordinary strain upon the bridge in passing over it, then the plaintiff took every possible risk of injury upon himself in trying to pass over the bridge, and the plaintiff cannot recover for the injuries sustained by the breaking down of the bridge, under such circumstances, although his injuries were the direct results of such imperfections and defects in the bridge."

*Held,* that exceptions taken by the defendant's counsel to the refusal of the court to charge either of these propositions were well taken.

That, assuming that the proposition embraced in the first request was intended to state a general proposition, and that it was not intended to be limited to the engine that broke through the bridge, both the propositions were correct and should have been charged.

*Gregory* v. *The Inhabitants of Adams* (14 Gray, 242–248) ; *McCormick* v. *Township of Washington* (112 Penn St., 185) followed.

While the commissioner of highways is required to construct and maintain bridges of sufficient strength and material to insure the safety of persons passing over them with such vehicles as are commonly and ordinarily used in that country, he cannot be required or expected to construct and maintain bridges which will insure the safety of persons passing over them in a manner involving peculiar and special danger arising from any unusual weight.

APPEAL from a judgment entered in the office of the clerk of Chautauqua county on April 9, 1888, upon a verdict for $2,000 rendered at the Chautauqua Circuit, and from an order of the Erie Special Term denying a motion for a new trial, made on a case and exceptions, which was entered in the same office on April 2 1888.

*F. W. Stevens* and *W. H. Henderson,* for the appellant.

*A. C. Wade,* for the respondent.

HAIGHT, J.:

On the 1st day of September, 1885, the plaintiff was passing over a highway bridge in the town of Ellington, riding upon a traction engine propelled by steam power, with tank attached, the two weighing 8,500 pounds. The bridge broke down and the plaintiff was injured, and this action was brought to recover damages. Upon the trial evidence was given tending to show that one

of the beams of the bridge had become rotten; that it had not been repaired, and that it was in consequence of the defective condition of the bridge that the injury was occasioned. At the conclusion of the trial the defendant's counsel asked the court to charge the jury that "it was not the official duty of the highway commissioner to so construct and maintain the bridge in question as to insure the safety of persons passing over it in a manner involving peculiar and special danger arising from the unusual way and method of construction and manner of locomotion of the vehicle used in passing over it;" and, again, he requested the court to charge that, "if the jury are satisfied from the evidence that the vehicle upon which the plaintiff was riding, and with which he was connected in passing over the bridge at the time of the accident in question was unusual and extraordinary in weight, in method of construction or manner of propelling the same along the highway, and such unusual weight, method of construction and locomotion was such as to cause unusual and extraordinary strain upon the bridge in passing over it, then the plaintiff took every possible risk of injury upon himself in trying to pass over the bridge, and the plaintiff cannot recover for the injuries sustained by the breaking down of the bridge under such circumstances, although his injuries were the direct results of such imperfections and defects in the bridge." The court declined to charge either of the propositions requested further than as it had already charged upon the subject. Exceptions were taken to such refusals.

The court had not previously charged either of the propositions, but had charged: "That there was no reason why people cannot travel over highways and bridges with this kind of implement or machinery as well as other wagons. If it is heavy and ponderous, it naturally requires the exercise of more care than though it were light and not weighty. If unusual, of course, greater degree of vigilance would necessarily be expected and required than though it was not of an unusual character. It is lawful to travel with it. It is only a question of diligence and reasonable care naturally required in the use of it."

As to the first proposition embraced in the requests to charge, we understand it to state a general proposition, and that it was not intended to limit it to the engine that broke through the bridge. Had it been

limited to the engine in question the refusal of the court to charge as requested would have been correct, for the court could not be called upon to state as a matter of law that the engine in question was of unusual weight and method of construction, and that it involved peculiar and special danger. Such questions were for the jury and not the court; but, as stating a general proposition, we think this and that which followed were both correct and should have been charged. These requests appear to have been copied from the opinion of the court delivered in the case of *Gregory* v. *The Inhabitants of Adams* (14 Gray, 242–248). In that case damages were sought to be recovered for injury to an elephant which had broken through a bridge upon the highway.

MERRICK, J., in delivering the opinion of the court, says that it was the duty of the town to keep the bridges "in such condition that, having in view the common and ordinary occasion for their use, and what may fairly be required for the proper accommodation of the public at large in the various occupations which may from time to time be pursued, each particular way should be so wrought, prepared and maintained that it may justly be considered, for all the uses and purposes for which it was laid out and designed, to be reasonably safe and convenient." * * * "This is the measure and extent of the obligation of towns in reference to the support and maintenance of public highways. They are not required to make preparations for the safety or convenience of those who undertake to use those ways in an unusual or extraordinary manner, involving peculiar and special peril and danger, whether it be in respect to the kind or character of animals led or driven, or the magnitude or construction of carriages used, or the bulk or weight of property transported. And if any person undertakes to use or travel upon a public highway in an unusual or extraordinary manner, or with animals, vehicles or freight not suitable or adapted to a way opened and prepared for the public use in the common intercourse of society and in the transaction of usual and ordinary affairs of business, he then takes every possible risk of loss upon himself; and he can have no remedy against the town to recover recompense for injury sustained, although they be the direct result of defects and imperfections in a way, for which it would be responsible in case of injury to individuals in the lawful and proper use of it."

It appears to us that the rule as thus laid down is both wise and just. The commissioner of highways is required to construct and maintain bridges of sufficient strength and material to insure the safety of persons passing over them with such vehicles as are commonly or ordinarily used in that country; but he cannot be required or expected to construct and maintain bridges which will insure the safety of persons passing over them in a manner involving peculiar and special danger arising from unusual weight and so forth. As, for instance, heavy buildings are sometimes moved through the public-way, yet we should not expect a commissioner of highways to construct and maintain bridges of sufficient strength to support moving buildings. We are, therefore, inclined to the view expressed by the learned judge in the opinion quoted from, that it was a question for the jury, and that if the jury became satisfied from the evidence that the vehicle upon which the plaintiff was riding at the time of the accident was unusual and extraordinary in weight, method of construction or manner of propelling the same, and that such weight, method of construction and locomotion was such as to cause unusual and extraordinary strain upon the bridge, that the plaintiff in running upon the bridge took upon himself the risk of injury, thereby becoming guilty of contributory negligence which precludes his recovery even though there was negligence on the part of the highway commissioner. It is true, as the trial court stated, that improved implements of travel are invented, and machinery for threshing and other agricultural purposes are matters involved in civilization. It is further true that these traction engines in farming communities have within the last few years come into use in the threshing of grain, and that they are usually propelled from place to place through the highways; and that these facts will have to be taken into consideration by the jury in determining whether they are unusual or extraordinary; but the question has heretofore been one for the jury and not for the court.

The legislature has now provided that no town shall be liable for any damage resulting to a person or property by reason of the breaking of any bridge by a traction engine in crossing the same of the weight of four tons or over, while such person is engaged in transporting or driving such engine along or upon the highways of the State. (Laws of 1887, chap. 526.) In the future cases will

have to be determined under the provisions of this act. The case of *McCormick* v. *Township of Washington* (112 Penn. St., 185), is a case in point, and sustains the views expressed in the case of *Gregory* v. *The Inhabitants of Adams* (*supra*).

Several questions were raised in reference to the admission and rejection of evidence, but, inasmuch as the objection may be obviated upon the new trial, we have not thought it necessary to here consider them.

The judgment and order should be reversed and a new trial ordered, costs to abide event.

Barker, P. J.; Bradley and Dwight, JJ., concurred.

Judgment and order reversed and new trial ordered, costs to abide event.