# Axel W. Nelson, Appellee, v. City of Rockford, Appellant.

## Gen. No. 5,869.

1. Municipal corporations, § 1098*—*when recovery for damages to traction engine resulting from defective bridge is warranted.* In an action against a city for injury to a traction engine resulting from a defective bridge, *held* that the jury were warranted in finding that driving the engine on the bridge was not an extraordinary use of the bridge and that plaintiff was in the exercise of due care in driving his engine upon it.

2. Municipal corporations, § 1071*—*when person may assume bridge is reasonably safe.* A municipal corporation must keep pace with the reasonable necessities of the public in the various occupations pursued in that locality in the care of its streets and bridges, and a party attempting to cross a bridge has a right to assume that it is reasonably safe for the accommodation of the public at large in the various occupations pursued in the locality where the bridge is situated, in the absence of notice to the contrary or facts sufficient to put him on inquiry.

3. Municipal corporations, § 1100*—*when refusal of requested instructions not error.* In an action against a city for injury to a traction engine resulting from a defective bridge, refusal of instructions requested by defendant submitting the question of fact whether the load put upon the bridge by plaintiff was unreasonable or extraordinary, *held* not reversible error where there was no ground for the contention that the load was extraordinary and unreasonable.

4. Municipal corporations, § 1101*—*when instruction as to liability for damages resulting from defective bridge proper.* In an action against a city for injury to a traction engine owing to a defective bridge and instruction given for defendant that the city was bound only to use reasonable care to keep its bridges in a reasonably safe condition for people using them when exercising ordinary care, and if plaintiff did not use reasonable care and prudence in going upon and attempting to cross the bridge he could not recover, *held* to fairly inform the jury of the law applicable to the evidence.

Appeal from the Circuit Court of Winnebago county; the Hon. Arthur H. Frost, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed April 15, 1914.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

David D. Madden and Charles W. Ferguson, for appellant.

J. E. Goembel and Walter E. Healy, for appellee; G. R. Beverly, of counsel.

Mr. Justice Carnes delivered the opinion of the court.

Appellee, Axel W. Nelson, was driving a traction engine with accompaniments over the Ninth street bridge in the City of Rockford, when the bridge gave way and the engine was injured. This action was brought against the City to recover for that injury and there was a verdict and judgment for seven hundred dollars for plaintiff. The City appeals and confines its argument here to the propositions:

That appellee in driving his engine upon the bridge did not exercise ordinary care and caution for the safety of his engine.

That the trial court erred in refusing to give appellant's instructions numbered five and seven.

The law is that a municipal corporation must keep pace with the reasonable necessities of the public in the various occupations pursued in that locality in the care of its streets and bridges, and that a party attempting to cross a bridge has the right to assume that it is reasonably safe for the accommodation of the public at large in the various occupations pursued in the locality where the bridge is situated in the absence of notice to the contrary or facts sufficient to put him on inquiry. *Molway v. City of Chicago,* 239 Ill. 486; *Anderson v. City of St. Cloud,* 79 Minn. 88; *Kovarik v. Saline County,* 86 Neb. 440; *Central City v. Marquis,* 75 Neb. 233; *Bonebrake v. Board Com'rs Huntington County,* 141 Ind. 62.

The proof shows that the use of traction engines had been common in that locality for more than twenty years before the accident, and that the City itself had for a number of years used two traction engines, each

weighing more, and one of them much more, than that of appellee's; also that shortly before the accident appellee was advised by the city engineer, who by ordinance was charged with the duty of inspecting bridges and closing them when unsafe for public use, to take Ninth street and cross this bridge with his engine in preference to crossing other bridges that might be used in proceeding in that direction. And it does not appear that there was any defect in the bridge that would be noticed in the exercise of such care as is ordinarily used by those traveling public streets and highways. Therefore it seems plain that the jury were warranted in finding that it was not an extraordinary use of the bridge and that appellee was in the exercise of due care in driving his engine upon it.

Refused instruction number five read: ''If you believe from the evidence that the use, by the plaintiff, of the bridge in question at the time in question was an extraordinary use of said bridge or such a use that the City in the exercise of reasonable care to keep its bridges in a reasonably safe condition for the use of persons exercising ordinary care for their own safety, could not have anticipated or should not be required to anticipate then you are instructed that you should find the defendant not guilty.'' And the seventh read: ''If you believe from the evidence that the use, by the plaintiff, of the bridge in question at the time in question in the manner in question in this suit was an unreasonable use of said bridge then you are instructed there can be no recovery in this case and you should find the defendant not guilty, provided you further believe from the evidence that said bridge at the time in question was in a reasonably safe condition for the use of persons when exercising reasonable care and caution for their own safety and for the safety of their property.''

These instructions submitted the question of fact whether the load put upon the bridge by appellee was unreasonable or extraordinary, and were probably sug-

gested by the case of *Seyfer v. Otoe County*, 66 Neb. 566, where such an instruction was held properly given; but in that case there was ground for contention that the load was extraordinary and unreasonable, the bridge was on a country highway and there was evidence that the plaintiff carried planks to use in crossing such bridges, which he did not use at the time in question. It might be inferred that such loads were not common enough there to be anticipated and provided for by the public authorities. But in this case it is shown, not only by evidence of witnesses but by stipulation of counsel, that such loads were common in that locality and had been for years. The bridge was not on a little-used country highway, but was on a street in a large city, and there is little room for argument or inference that the load should be held unusual or extraordinary at that time and place, and if it was the City could not well rely on that defense in the face of the fact that it had, through its agent, advised appellee to use the bridge.

The jury were advised by appellant's given instructions that the City was bound only to use reasonable care to keep its bridges in a reasonably safe condition for people using them when exercising ordinary care, and if appellee did not use reasonable care and prudence in going upon and attempting to cross the bridge, he could not recover. We are of the opinion that defendant's instructions given fairly informed the jury of the law applicable to the evidence, and that there was no reversible error in refusing its fifth and seventh instruction offered.

The judgment is affirmed.

*Affirmed.*