JOSEPH H. MILES, EXECUTOR, ET AL., APPELLANTS, v. RICH-
ARDSON COUNTY, APPELLEE.

FILED SEPTEMBER 22, 1916. No. 18928.

1. **Counties: BRIDGES: LIABILITY.** In constructing and maintaining a bridge for public use, as part of a county road, the county is not limited in its duty by the creation of a structure sufficient for the passage of ordinary vehicles, but it is required to provide for what may be fairly anticipated for the proper accommodation of the public at large in the various occupations which may be pursued in the locality where it is situated, including the driving of cattle to and over the bridge and its approaches. *Seyfer v. Otoe County*, 66 Neb. 566.

2. ——: ——: ——. Where the approach to the bridge was constructed by nailing planks to the piles which supported it and then filling earth in the frame work, and the earth was partly washed away on one side of the approach so that there was a visible hole down through the approach on that side surrounded by a thin crust on the surface, and the plaintiff's steer fell through while being driven along the highway at this point, by the plaintiff, with his other cattle, and was greatly injured thereby, the plaintiff should be allowed to prove his damages in an action brought by him for that purpose against the county; the county having failed to repair the approach after a reasonable lapse of time, and was therefore properly presumed to know the condition of the same and to be derelict in the discharge of its duty to the public.

APPEAL from the district court for Richardson county:
JOHN B. RAPER, JUDGE. *Reversed.*

*Edwin Falloon,* for appellants.

*J. E. Leyda, contra.*

HAMER, J.

Appeal from the district court for Richardson county. An action was brought to recover the value of a steer injured by falling through the approach to a bridge. It was so injured that it became necessary to kill the steer. The defendant county had a verdict and judgment, and the plaintiffs have appealed.

The appellants contend that the verdict is not sustained by the evidence. The evidence shows that the bridge in question is constructed over Contrary creek, a stream of water which maintains a constant flow, that the piles on which the bridge rests are within the bed of the stream, and that an approach to the bridge has been constructed by nailing plank to the piling and nearly to the surface of the water, and then by filling in to this framework with dirt. The waters of the stream had washed under a portion of this dirt approach and had carried it away, leaving a hole showing in the approach, and which hole was surrounded by a thin crust. As the cattle of the plaintiff were being driven to market across this bridge, one of them stepped into the hole, or was pushed into it, or was pushed onto the thin crust which surrounded the hole. The hole in the approach had made the condition of the bridge dangerous for a considerable period of time. The witnesses fixed the time at from two weeks to a month.

That the bridge was reasonably safe for travel with a team and wagon did not relieve the county of its duty to make it reasonably safe for the passage of cattle. We are convinced that it was not safe for that purpose. The requirements of a bridge are that it shall be reasonably safe for such use as the public may make of it. *Kovarick v. Saline County*, 86 Neb, 440. In the case cited the bridge was insufficient to support a traction engine and threshing machine. This court quoted, with approval, *Seyfer v. Otoe County*, 66 Neb. 566. In that case it was stated in the syllabus: "In constructing and maintaining a bridge for public use, a municipality is not limited in its duty by the ordinary business use of the structure, but is required to provide for what may be fairly anticipated for the proper accommodation of the public at large in the various occupations which, from time to time, may be pursued in the locality where it is situated." The passage of cattle across a bridge is certainly a use to be anticipated where the bridge forms a part of a country road.

The dangerous condition of the bridge had ·been apparent for such a length of time as to charge the county with notice of its condition. It was the duty of the county to have the bridge reasonably safe for the passage of cattle. The injury occurred because it was not so. Under the circumstances we think that the verdict and judgment should be set aside.

The judgment of the district court is

REVERSED.

LETTON and SEDGWICK, JJ., not sitting.