TOWNSHIP OF LIVINGSTON, A MUNICIPAL CORPORATION, PLAINTIFF-APPELLANT, v. WILLIAM A. PARKHURST AND EDWARD BROWN, DEFENDANTS-RESPONDENTS.

Submitted May 2, 1939—Decided July 17, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PORTER.

For the plaintiff-appellant, *Alfred J. Grosso*.

For the defendants-respondents, *Herrigel, Lindabury & Herrigel*.

The opinion of the court was delivered by

PORTER, J. The question presented on this appeal is the propriety of the action of the trial court in granting a nonsuit. From the agreed state of case it appears that on September 23d, 1938, the defendant Brown was transporting over the public streets of the township of Livingston, appellant, a truck and trailer attached thereto belonging to his employer, the defendant Parkhurst, who accompanied him. A small wooden bridge over a stream on Brookside avenue was used by these vehicles and collapsed under their weight. The truck weighed from three to three and one-half tons and the trailer from four to five tons. On the trailer was a gasoline shovel weighing from twenty-eight to thirty tons. The truck and the front wheels of the trailer had safely crossed over. The rear wheels of the trailer had crashed through the planking of the bridge. There was no sign posted at the bridge

indicating the limit of the weight the bridge would carry. Two days prior there had been a severe rainstorm causing the stream to overflow the bridge. For that reason the bridge had been closed to traffic until the morning of the day in question when the waters having subsided and the planks of the bridge having, upon inspection by the township engineer, been found "dried out" the bridge was opened to use.

The bridge was substantially and fairly well constructed and in good condition. The usual traffic consisted of pleasure vehicles and delivery trucks, the heaviest trucks generally using the bridge being coal trucks. This was the first load the bridge had failed to carry safely. The bridge had been built in 1925, acquired by the municipality in 1927 or 1928 and since then maintained by it. The maximum safe load capacity of the bridge even if composed of entirely new lumber would not exceed fifteen tons and at the time of the accident somewhat less. Defendant Parkhurst told the township engineer at the scene of the accident, shortly thereafter, that he and his driver, defendant Brown, had inspected the bridge, even looked underneath it, before attempting to cross, but later in the day he denied to the engineer having made such examination or inspection, then stating that he had driven over it because it looked all right.

It is, of course, not disputed that this bridge and highway leading to it were for the use of the public who had an easement in it. The defendants had a right to its use for the transportation of this equipment. But in doing so they were under a duty to the plaintiff to use reasonable care so as not to cause damage to the highway or bridge. The highway was unpaved, and the bridge, a small one, was constructed of wood. Would one owing a duty to the municipality to use the facilities it provided with reasonable care be violating that duty by the transportation of equipment of the type and weight described along this highway and over this bridge? Were proper precautions taken in the exercise of due care? Was there, on the other hand, any duty on the part of the municipality which was contributory negligence as a matter of law under these facts?

It seems to us that these questions of fact, both as to negligence and as to contributory negligence, were clearly raised by the proofs and that it was error for the court to treat them as questions of law.

In considering motions for nonsuit the rule is that the testimony and every fairly deduced inference therefrom in favor of the party against whom it is made must be accepted by the court as true. The application of this rule to the testimony in this case leads to a reversal.

The judgment will be set aside and a *venire de novo* awarded, costs to abide the event.