KENNON, Justice. .
 

 Plaintiff, the Department of Highways, filed this suit to recover $2,810.57 for damages to a bridge over Bayou Lafourche at Greenwood, Louisiana, which, on August 28, 1942, collapsed under the weight of defendant’s truck loaded with twenty tons of sugar. Negligence alleged was that Ellis Robertson, driver of the defendant’s truck, disregarded the “load limit” sign and drove the loaded truck over the bridge, which was obviously unsuitable for such a heavy load.
 

 The answer admitted that the defendant’s loaded truck crashed through the bridge but set forth that the use of the bridge resulted from the placing of “detour” signs on the highway by agents of the plaintiff, who were guilty of negligence in designating this bridge for heavy detouring traffic, without indicating on the sign the route was for light traffic only; and that plaintiff’s agents were further negligent in not replacing one of the load limit signs, which had been removed long before the accident, and by permitting the one remaining sign to become weather worn and illegible, and this this negligence of the agents of the Highway Department was the proximate cause of the damage to the bridge.
 

 The case is here on plaintiff’s appeal from a judgment rejecting its demands.
 

 The evidence shows that the bridge was an old fashioned one with a wooden flooring and railing, steel sides and a rectangular superstructure. Spanning Bayou Lafourche first at Thibodaux, it was moved to Greenwood in 1938 and load limit signs indicating a capacity of ten tons were placed on each end. More than thirty days prior to the accident, one of these signs had been removed by parties unknown and the other had become weather worn to the extent that the testimony is conflicting as to whether it could be read from an approaching vehicle. On the day of the accident, the defendant’s driver had successfully driven the truck with a ten ton load from the Thibodaux side of the Bayou (where this sign was still standing) to the East side. It was on the return trip after he had delivered the lighter burden and had picked up a twenty ton load that the bridge went down.
 

 
 *380
 
 The evidence further discloses that the load on defendant’s truck was of a weight prohibited by law prior to the Highway Act amendment of 1942, Act No. 286 of 1938, Act No. 54 of 1942, which, in the interest of War conditions, increased the maximum load for trucks using the Louisiana highways.
 

 It is incumbent upon every citizen using the highways and public bridges to do so with reasonable care. The general rule that a traveler about to cross a public bridge may assume that it is strong enough for his purpose does not apply when he proposes to cross with an “unusual load”. Nelson v. City of Rockford, 186 Ill.App. 288; Board of Com’rs of Allen County v. Creviston, 133 Ind. 39, 32 N.E. 735. See, also, 68 A.L.R. 605 et seq. It would be a desirable situation if all of the highway bridges could hold up the maximum loads permitted but, in Louisiana, we are faced with the fact that many of our bridges were built before the transportation of such loads were usual or even contemplated. Many of these bridges still serve their original purpose in their respective communities, particularly in the transportation of passenger and other light vehicles. One who proposes to transport an unusual or undue load over a public bridge, particularly on a secondary route, is under the duty to exercise care and caution. In the absence of such care, a person driving such vehicle assumes the risk of injury to himself and "cargo in trying to pass over the bridge. Wilson v. Grandy, 47 Conn. 59, 36 Am.Rep. 51; Clapp v. Ellington, 51 Hun. 58, 3 N.Y.S. 516; Carter v. Town of Minden, 156 La. 382, 100 So. 336.
 

 The driver of the truck here involved testified that on his first trip over the bridge “* * * They had a white man there, a bridge tender I thought he was, and I asked him could I go across the bridge. The detour sign was turned that way. He told me yes. I told him that truck weighed twenty tons. He told me he didn’t care how many tons it weighed he didn’t care. * * *” On this first trip he did not get off the truck and examine the load limit sign, which the evidence discloses was posted at this end of the bridge. On the return trip with a load double in weight; he made no further effort to inform himself of thfe weight limit of the bridge and proceeded across with the heavy truck and its twenty ton cargo. Considering the appearance of the bridge and its location at a secondary crossing point, the driver of the truck was guilty of negligence in thus assuming the risk obviously involved.
 

 Having concluded that the driver of the truck was negligent, we next consider the question of whether plaintiff or its agents were guilty of such contributory negligence as would bar recovery. It cannot be considered negligence on the part of the Highway Department to maintain bridges of limited capacity at various points along Bayou Lafourche. Bridges of the
 
 *382
 
 type located at Greenwood, capable of carrying as high as ten ton loads serve the usual purpose and provide safe crossings for vehicles ordinarily in use in the community. The Highway Department was not bound to provide at every crossing point' a bridge capable of sustaining the heavily loaded truck and trailer vehicles that normally move over the much traveled or “through” highways. The bridge was not one over a through highway and the placing of normal load limit signs at both ends of the bridge would, under ordinary conditions, satisfy the common rules of safety. There are circumstances in this case indicating contributory negligence on the part of the Highway Department’s agents. One of the witnesses testified that he asked the highway foreman about the missing sign on one end of the bridge and that “* * * he told me it had been down quite a while”. When the Department of Highways included the bridge in the detour route and placed a sign on the the highway detouring through traffic across the bridge, consideration should have been given to the fact that this bridge was not capable of carrying the heavy loads that trucks customarily carried over main highways during the War years. The detour sign could have well included some cautionary words indicating that the detour was for light traffic only.
 

 In LeBlanc v. Louisiana Highway Commission, La.App., 5 So.2d 204, the Court held that the Highway Commission was under the duty to keep a bridge maintained by it in a safe condition for the traveling public and that the Highway Commission is bound to use ordinary and reasonable care in inspecting and repairing its bridges and in keeping them in a reasonably safe condition. For a discussion of the rule in other jurisdictions see Ogden Livestock Shows v. Rice, Utah, 1945, 159 P.2d 130.
 

 We, therefore, conclude that under the circumstances of this case, the failure of the Department of Highways to replace the missing load capacity sign and its action in detouring general traffic across this bridge without any warning or indication that this detour was for light traffic only were contributing factors to the accident.
 

 Judgment affirmed; stenographer’s costs to be paid by the plaintiff.