WALTER F. HANSMANN, JR., APPELLEE, V.
COUNTY OF GOSPER, NEBRASKA, APPELLANT, AND
ZURICH-AMERICAN INSURANCE COMPANIES,
A CORPORATION, APPELLEE.

300 N.W.2d 807

Filed January 9, 1981.   No. 43168.

Murphy, Pederson, Piccolo & Anderson for appellant.

Conway & Connolly for appellee Hansmann.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

The plaintiff, Walter F. Hansmann, Jr., was injured while driving a truck across a bridge across Deer Creek on a county road in Gosper County, Nebraska, when the bridge collapsed. This action was brought against the county to recover damage for the injuries the plaintiff sustained in the accident.

The bridge which collapsed was a steel-pipe truss bridge, 50 feet long, and approximately 18 feet wide. It was located on a well-traveled gravel road.

The plaintiff was driving a 1974 Ford straight truck with dual rear axles. The truck was approximately 28 feet long and had a 20-foot box. The truck itself weighed between 11 and 12 tons and it was loaded with 12 tons of hog feed.

The plaintiff was almost across the bridge when the bridge started to fall. The truck slid backward and fell to the bottom of the ravine with the wreckage of the bridge.

The petition alleged that the defendant had allowed the bridge to become weak and unsafe for normal use by a lack of sufficient repair and maintenance, and that the carrying capacity or weight which the bridge would safely carry was not posted on the bridge as required by statute.

The trial court found that a 10-ton-limit sign was posted on the bridge in the fall of 1974, but the sign was not on the bridge in January and February of 1975 and was not on the bridge on June 24, 1975, at the time of the accident; the sign had been off of the bridge for a sufficient period of time that it ought to have been replaced; and the failure to replace the sign was an insufficiency or want of repair of the bridge which rendered the defendant liable to the plaintiff. The plaintiff was awarded judgment in the sum of $8,500, and the cross-petition of the defendant for the cost of replacing the bridge was dismissed. The defendant has appealed.

The principal issue on the appeal is whether the county was liable to the plaintiff because it failed to have the load limit posted on the bridge at the time of the accident.

It is the duty of a county to use reasonable and ordinary care in the construction, maintenance, and repair of its highways and bridges so that they will be reasonably safe for the traveler using them while

he is in the exercise of reasonable and ordinary care and prudence. *Olson v. County of Wayne*, 157 Neb. 213, 59 N.W.2d 400 (1953).

Under Neb. Rev. Stat. § 23-2410 (Reissue 1977), a county is liable for damages caused by insufficiency or want of repair of a county bridge. We have held that a county is required to maintain bridges that are sufficient for the proper accommodation of the public at large in the various occupations which from time to time may be pursued in the locality where the bridge is situated. *Kovarik v. Saline County*, 86 Neb. 440, 125 N.W. 1082 (1910); *Miles v. Richardson County*, 100 Neb. 294, 159 N.W. 411 (1916). A person using a bridge has a right to assume that the bridge is sufficient in the absence of knowledge that it is unsafe. *City of Central City v. Marquis*, 75 Neb. 233, 106 N.W. 221 (1905).

Neb. Rev. Stat. § 39-1411 (Reissue 1978) provides that the county highway superintendent "shall cause to be firmly posted or attached upon each bridge in a conspicuous place at each end thereof a board or metal sign showing the carrying capacity or weight which the bridge will safely convey or bear." The evidence in this case was clearly sufficient to support the finding of the trial court that a 10-ton-limit sign was posted on the bridge in the fall of 1974 but had not been on the bridge for approximately 6 months before the accident.

The county is not required to have actual notice of a defect in a bridge. It is sufficient if the defect existed for such a length of time that by the exercise of ordinary diligence, the defect would have been discovered and repaired. *City of Central City v. Marquis, supra; Bethel v. Pawnee County*, 95 Neb. 203, 145 N.W. 363 (1914); *Miles v. Richardson County, supra.*

Richard A. Anderson, who was the county highway superintendent for Gosper County at the time of the accident, testified that a 10-ton-limit sign was posted on the bridge in the fall of 1974 at the time he inspected

the bridge. Anderson testified that the bridge had been posted before he became the county highway superintendent in 1971 and that he did not post a weight limit sign on the bridge or have it posted. Anderson considered the bridge to be "a real good bridge" and capable of carrying loads of 23 or 24 tons. Anderson further testified that if a bridge was capable of carrying a 30-ton load, he did not post it. He knew that gravel trucks weighing 23 to 24 tons had used the bridge frequently.

The plaintiff testified that he had driven across the bridge on several other occasions but with a smaller load. On the day of the accident he approached the bridge at about 20 miles per hour, having downshifted to third gear before the truck reached the bridge. The plaintiff saw there was no load limit sign on the bridge. The bridge looked safe so the plaintiff drove onto the bridge. The plaintiff did not shift gears or apply his brakes while he was on the bridge, and was almost across the bridge — the front wheels of the truck being off of the bridge — when it collapsed.

There is no evidence as to why the bridge collapsed, other than the inference that the bridge was insufficient to carry the load. The county highway superintendent testified that in his opinion the collapse was caused by weight and "impact." He explained that impact might be caused by the load bouncing, the application of brakes or downshifting, or anything of that nature. There was no evidence of any impact occurring on the bridge at the time of the accident.

In a number of cases it has been held that a failure to post a load limit on a bridge was negligence or evidence of negligence. In *Department of Highways v. Fogleman*, 210 La. 375, 27 So. 2d 155 (1946), the failure to replace a missing load capacity sign was held to be contributory negligence. In *Department of Highways v. Jones*, 35 So. 2d 828 (La. App. 1948), the failure to post load limit signs on a bridge was held to be negligence. See, also, *Norman v. State*, 227 La. 904, 80 So.

2d 858 (1955); *Township of Livingston v. Parkhurst,* 122 N.J.L. 598, 7 A.2d 627 (1939); *Turner v. County of Clinton,* 285 App. Div. 210, 136 N.Y.S.2d 471 (1954).

Although the trial court in this case found that the weight of the truck was a cause or contributing cause of the collapse of the bridge, the evidence shows there was nothing unusual about the load and that it did not exceed the weight that the bridge was accustomed to bear.

In an action under the Political Subdivisions Tort Claims Act, the finding of the trial court will not be disturbed unless it is clearly wrong. The record in this case supports the finding and judgment of the trial court.

The judgment is affirmed.

AFFIRMED.