HALL, Judge.
Defendant-appellant, Don N. Bell, is appealing the judgment of the trial court finding him liable to plaintiff-appellee, De-Soto Parish Police Jury, in the amount of $3,000 for damages to a bridge which collapsed as defendant’s bulldozer was being driven across it. Because this case is covered by precomparative negligence law, and because the plaintiff was contributorily negligent, the judgment of the trial court is reversed.

The Factual Background

The case was tried on a stipulation of facts, documentary evidence, and the deposition of the bulldozer driver.
On Wednesday, March 12, 1980 at 4:00 p.m., the DeSoto Parish Police Jury held a regularly scheduled meeting at which an engineering report on the condition of certain parish bridges was discussed. The report, made by the consulting engineering firm of Demopulos & Ferguson and dated February 8, 1980, found three parish bridges to be in critical condition. One of these bridges, a four-span timber bridge across Dolet Bayou, would later be involved in the accident giving rise to the present litigation. The engineer’s report stated that the bridge was in “critical condition due to failed and decayed piles”, and recommended that the bridge be posted for light loads and be scheduled for immediate rehabilitation. The police jury was advised of these facts by letter dated February 18, 1980. No warnings were posted and no repairs were begun prior to the accident that occurred on Saturday, March 15, 1983.
On that Saturday, Adan Savaz, working in the course and scope of his employment for appellant, attempted to cross the bridge while driving a large bulldozer weighing approximately 32,000 pounds. When the full weight of the bulldozer was on the bridge, the bridge collapsed. Savaz stated in his deposition that he had never experienced any problems when crossing similar bridges while driving similar machines, but admitted that he had crossed the other bridges despite the fact that most were posted with load limit signs of 10 to 15 tons. The bridge in the present case had no load limit signs.

Contributory Negligence of the Police Jury

The single issue presented on appeal is whether the police jury was contributorily negligent. The issue is of particular importance since comparative negligence law was not operative in Louisiana prior to August 1, 1980, the effective date of Act 431 of 1979. This act changed the prior law by providing in part that a person’s contributory negligence would not defeat a claim for damages. Since the instant case arose prior to the effective date of the act, any negligence on the part of the police jury would act as a bar to that governmental body’s recovery of damages from appellant.
Before considering the appellee’s negligence, we note that the trial court was correct in finding the appellant negligent in attempting to drive the bulldozer across the bridge. Appellant’s action was clearly a cause in fact of the accident. Furthermore, the appellant owed a duty to use reasonable care in crossing the bridge. As *890 the Louisiana Supreme Court stated in Department of Highways v. Fogleman, 210 La. 375, 27 So.2d 155 (1946):
“It is incumbent upon every citizen using the highways and public bridges to do so with reasonable care. The general rule that a traveler about to cross a public bridge may assume that it is strong enough for his purpose does not apply when he proposes to cross it with an ‘unusual load’.... One who proposes to transport an unusual or undue load over a public bridge, particularly on a secondary route, is under the duty to exercise care and caution. In the absence of such care, a person driving such vehicle assumes the risk of injury to himself and cargo in trying to pass over the bridge.” (citations omitted)
The risk of harm arising in the instant case was the chance of a bridge collapse; this risk obviously fell within the scope of the duty set out above. Appellant’s driver breached his duty by attempting to drive a 32,000 pound bulldozer over the small rural bridge when he knew that other such bridges were posted with load capacities of only 10 to 15 tons.
In Fogleman, supra, a truck driver was negligent in not getting out of his truck to examine a weatherworn 10-ton load limit sign on a bridge over a secondary road, and in not making further effort to ascertain the weight limit of the bridge on his return trip with a 20-ton load. Nevertheless, the Department of Highways was precluded from recovering damages for the bridge’s collapse because of the department’s negligence in failing to replace a missing 10-ton load capacity sign on one approach to the bridge, and in detouring general traffic across the bridge without warning that the detour was for light traffic only. The facts of the present case are similar in that while the bulldozer driver was negligent, the police jury failed to post the bridge with any load limit signs, and failed to warn drivers of the critical condition of the bridge.
The police jury has a duty to warn persons using the highways and bridges under its control of the presence of dangerous conditions. Craft v. Caldwell Parish Police Jury, 455 So.2d 1226 (La. App. 2d Cir.1984). Of course, the police jury must be shown to have actual or constructive knowledge of the danger at a time when sufficient opportunity exists either to eliminate the dangerous condition or to warn of its presence. Craft, supra.
The DeSoto Parish Police Jury had actual notice of the dangerous condition of the bridge substructure three or four weeks before the bridge collapsed in the accident. Although the time period may have been insufficient to eliminate the dangerous condition by repairing the bridge, the time period was sufficient to meet the inexpensively and easily performed duty of placing a warning on or near the bridge. The police jury breached its duty by failing to warn of the particular danger present despite sufficient time in which to do so, and the police jury’s duty encompassed the risk of harm encountered.
The failure to warn of the critical condition of the bridge by at least posting “light load” signs as recommended in the engineering report was a cause-in-fact of the accident. Had a proper and adequate warning of the danger been posted, the bulldozer driver in all likelihood would not have attempted to cross the bridge.
Appellee argues that the failure to warn was not a cause-in-fact of the accident because the bulldozer driver had on previous occasions crossed similar bridges posted with 10 to 15-ton load limit signs, and he would have ignored any warning signs that might have been posted in this instance. This supposition is highly speculative. Further, this bridge was in a decayed and critical condition and the mere posting of a 10 to 15-ton load limit sign would not have been an adequate warning of the dangerous condition of the bridge.
Because the police jury breached its duty to warn of the particular danger present here despite knowledge of the danger and sufficient time in which to do so, because the duty to warn encompassed the *891 risk encountered, and because the breach of duty was a contributing cause-in-fact of the accident, the police jury was contributo-rily negligent and is barred from recovering damages from the appellant.
Although the police jury has raised the question of the application of the doctrine of “last clear chance” to the facts of this case, the doctrine does not apply. The plaintiff must have been in a position of peril of which he was unaware or from which he could not extricate himself before the doctrine is applicable. Here, the defendant was arguably in such a perilous position, but the police jury as plaintiff was not.
Fault of the police jury based on strict liability principles as the custodian of a defective thing is not argued and need not be considered.
In accordance with the reasons expressed above, the judgment of the trial court is reversed and plaintiffs demands are rejected. All costs of these proceedings are assessed to the plaintiff-appellee.
Reversed.