CORBET, INC., APPELLANT AND CROSS-APPELLEE, V. COUNTY OF PAWNEE, NEBRASKA, APPELLEE AND CROSS-APPELLANT.

365 N.W.2d 437

Filed April 5, 1985.    No. 83-806.

Joseph S. Daly and P. Shawn McCann of Sodoro, Daly & Sodoro, for appellant.

L. Joe Stehlik, Pawnee County Attorney, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

This was an action under the Political Subdivisions Tort Claims Act, Neb. Rev. Stat. §§ 23-2401 et seq. (Reissue 1983).

Corbet, Inc., sought damages as a result of the August 26, 1980, collapse of a bridge on a county road while its tractor-trailer was in the process of crossing that bridge. Although the district court found the county was negligent in failing to post a load limit sign on the bridge, it concluded that such negligence was not a proximate cause of the accident. It also determined that the driver of the unit, David Day, was guilty of negligence more than slight, which was imputed to the plaintiff and which barred its recovery. The court dismissed the petition.

In its appeal the plaintiff assigns as errors that (1) the court failed to find the negligence of the county to be a proximate cause or proximately contributing cause of the accident, (2) the court found that the driver of the vehicle was guilty of contributory negligence sufficient to bar recovery as a matter of

law, and (3) the court found the contributory negligence of David Day imputable to the plaintiff.

Pawnee County contracted with an engineering firm to inspect its 189 bridges to determine their condition and load capacity. The county had information from its engineering firm in March of 1980 that this particular bridge was rated at 4 tons. However, no sign, as of the day of the collapse of the bridge, had been posted showing this information.

The bridge in question was 32 feet long and 16 feet wide. It consisted of wooden abutments made of 3-by-12 bridge planks and had a transverse deck containing a total of 10 stringers, including two 12-inch I-beams, two channel irons, and six 3-by-12 wooden stringers. Although not specified in the testimony, pictures of the bridge make it obvious that the deck is constructed of 15 wooden bridge planks.

On the day in question David Day had a load of grain on his rig, weighing perhaps as much as 22 tons. In addition, the tractor and trailer weighed about 12 ½ tons. He was driving down what he himself called mostly a farm road, and came to this single-lane bridge. He drove onto the bridge and could feel it "give or something," but continued on until the bridge went down with him. He had crossed this bridge unloaded, to pick up this grain, and thought he had hauled cattle over it.

It seems from the record that Day lives within 7 miles of this particular bridge and is familiar with the various alternative routes that could have been utilized. He said that he had never inspected this particular bridge, he was aware of the fact that it was not posted, and he did not check with the county officials or with the farmers living nearby as to the condition of the bridge.

The county highway superintendent, Charles Morin, testified that in his previous experience as a driver of large semi rigs, the ordinary and prudent thing for a truckdriver to do if he is going into an area with such a heavy load would be to check the route first. Also, if suspicious at all, the driver should get out of his vehicle and look underneath the bridge so as to check its construction.

As noted in *Hansmann v. County of Gosper*, 207 Neb. 659, 300 N.W.2d 807 (1981), there was no evidence as to why this

bridge collapsed, other than the inference that the load exceeded the carrying capacity of the bridge. We did suggest in that case that the failure of a county to post a load limit sign on a bridge may be negligence or evidence of negligence. However, in that case the particular bridge was known to have been posted earlier as a 10-ton bridge, and we also concluded that there was nothing unusual about the load and that it did not exceed the weight that the bridge was accustomed to bear. Such is not the case here.

Assuming negligence on the part of the county, as the trial court found, it is nevertheless incumbent upon the plaintiff to prove that such negligence was a proximate cause of its damages. *Christensen v. City of Tekamah*, 201 Neb. 344, 268 N.W.2d 93 (1978).

However, the question of proximate cause, in the face of conflicting evidence, is ordinarily one for the trier of facts. *Hydroflo Corp. v. First Nat. Bank*, 217 Neb. 20, 349 N.W.2d 615 (1984).

Proximate cause is that cause which, in a natural and continuous sequence, unbroken by an efficient intervening cause, produces the injury, and without which the injury would not have occurred. *Shelton v. Board of Regents*, 211 Neb. 820, 320 N.W.2d 748 (1982).

An efficient intervening cause consists of the intervening negligence of a third person who has full control of the situation and whose negligence was such as the defendant was not bound to anticipate and could not be said to have contemplated, which later negligence resulted directly in the injury to the plaintiff. *Shelton, supra*.

As there is no evidence in the record to establish that there was any relationship between Corbet and Day, the driver, which would charge Corbet with Day's negligence, if any, we must assume that no such relationship existed. On those facts alone Corbet would be entitled to recover if the county was guilty of any negligence proximately contributing to the accident. However, if the collapse of the bridge was caused by the negligence of Day, which the trial court found to be true, albeit the same was labeled as contributory negligence, Corbet could not recover because Day's negligence would be the negligence of

a third party and would constitute an efficient intervening cause.

In an action under the Political Subdivisions Tort Claims Act, the findings of fact of the trial court will not be overturned unless clearly wrong. *Hume v. Otoe County*, 212 Neb. 616, 324 N.W.2d 810 (1982).

An examination of exhibit 1, consisting of three photographs of the subject bridge, two showing the top surface and approaching road and one depicting the undercarriage, supports the trial court's finding that no reasonable and prudent person would expect another to attempt to drive a loaded vehicle weighing a total of some 34 tons across that structure.

That being true, particularly when supported additionally by the testimony detailed above, there remains no reasonable doubt but that the driver of the rig was negligent and that such negligence constituted an efficient intervening cause to prevent a finding that the negligence of the county was a proximate cause of this accident.

The trial court's findings were not clearly wrong and will not be set aside. As this disposes of the case, it is not necessary to consider the question of the imputation of contributory negligence to the plaintiff nor the claim of the defendant on cross-appeal as to alleged jurisdictional defects. The judgment of the trial court is affirmed.

AFFIRMED.