Delozier v. Village of Magnet.

WILLIAM E. DELOZIER, APPELLEE, v. VILLAGE OF MAGNET, APPELLANT.

FILED JUNE 19, 1920. No. 21092.

1. Municipal Corporations: DISCONNECTING TERRITORY: PARTIES. Section 5090, Rev. St. 1913, gives to "a majority of the legal voters" residing in territory within and adjacent to the corporate limits

Delozier v. Village of Magnet.

of any city or village the right to maintain an action to disconnect such territory therefrom. *Held*, that a person who is the only legal voter residing within such territory comes within the designation and can maintain the action.

2. ——: ——: ——. Liability to the assessment and payment of taxes for municipal purposes is a sufficient interest to entitle one to maintain the action.

3. Appeal: STIPULATION OF FACTS. A stipulation of facts, not incorporated in a bill of exceptions, cannot be considered in this court.

APPEAL from the district court for Cedar county: GUY T. GRAVES, JUDGE. *Affirmed*.

*H. E. Burkett*, for appellant.

*B. Ready*, contra.

CAIN, C.

Plaintiff bought this action to disconnect a half section of land, upon which plaintiff resided, from the defendant village of Magnet. There was a decree in plaintiff's favor disconnecting the land from the village, and the village appeals.

There is no bill of exceptions in this case. The case was tried upon the pleadings and a stipulation of facts, but the stipulation of facts cannot be considered here for the reason that it is not incorporated in a bill of exceptions. *Bankers Life Ass'n v. Board of Commissioners*, 61 Neb. 202; *Keeler v. Manwarren*, 61 Neb. 663; *Bush v. Tecumseh Nat. Bank*, 64 Neb. 451; *State Ins. Co. v. Buckstaff Bros. Mfg. Co.*, 47 Neb. 1. Moreover the stipulation neither adds to nor detracts from the statement of facts herein contained.

The errors complained of are that the court erred in overruling the defendant's demurrer to the petition, that the findings are not sustained by sufficient evidence, and that the judgment is contrary to law. After defendant's demurrer to the petition was overruled, it filed an answer, and hence there is no prejudicial error in overruling the demurrer.

The answer contained no denial of the allegations of the petition, which alleged the following facts: That

plaintiff resides upon and occupies the north half of section 31, in township 29, north, range 1 west of the 6th p. m., in Cedar county, Nebraska, and is the only voter residing thereon; that the land was within the corporate limits of the village of Magnet and adjacent thereto, and is now, and ever since the incorporation of the village has been, used for agricultural purposes exclusively, and has never been laid out in village blocks, lots, or streets; that the village levied taxes upon plaintiff's property situated on the land for village purposes for the years 1915, 1916, 1917, and 1918, amounting in all to $60, which the plaintiff paid, and that the village will continue to levy taxes for village purposes on the property of the plaintiff located on said land; that plaintiff received no benefits from the taxes so levied; and that the assessment, levy and collection of village taxes upon the plaintiff is unjust and inequitable. The answer contains no denial, but avers that plaintiff is not the "owner" of, or one of the "owners" of, the real estate described in the petition; that plaintiff has never paid any taxes on the real estate; that there are no legal "voters" residing on the real estate; and that the plaintiff has no interest in the real estate sought to be detached except as a mere cropper thereon.

The decree of the trial court contains findings in harmony with the allegations of the petition, and in the absence of a bill of exceptions we must assume that the findings were sustained by sufficient evidence. The fact that the allegations of the petition were not substantially denied conclusively corroborates this presumption.

This proceeding was brought under section 5090, Rev. St. 1913, which provides as follows: "Whenever a majority of the legal voters residing on any territory within and adjacent to the corporate limits of any city or village * * * shall desire to have the same disconnected therefrom, they may file their petition in the district court of the county in which such city or village is situated praying that such territory be detached there-

from. * * * If the court find in favor of the petitioners, and that justice and equity require that such territory, or any part thereof, be disconnected from such city or village, it shall enter a decree accordingly."

The chief objection of the appellant is that the plaintiff, being the only legal voter in the territory sought to be detached, does not come within the designation of the statute requiring "a majority of the legal voters." In other words, the appellant contends that the plaintiff cannot be a "majority" of himself. There is no merit in this contention. The statute regulating the disconnection of territory from any city or village designates two classes of persons who may maintain the action. One is "a majority of the legal voters" and the other is "the owner or owners of any unoccupied territory so situated." Obviously the intent of the legislature was that no such action could be maintained by a minority of the voters residing in the territory sought to be disconnected. When, therefore, all the voting population of the territory sought to be detached makes the petition, the design of the legislature is fully complied with, even though the total voting population consists of but one person. We do not doubt the accuracy of the definitions of the word "majority" set out in appellant's brief, but they are inapplicable here. If appellant's contention is sound, then a solitary voter residing in territory wholly unsuited to municipal purposes could escape the burdens of municipal taxation of no benefit to himself only by the method pointed out in appellant's brief of taking up his belongings and going elsewhere. We cannot believe this to have been the design of the legislature in enacting the statute upon which this action is based. The land sought to be detached was a half section of farm land that had been used wholly for agricultural purposes and had never been laid out in town lots or blocks and was wholly unsuited to municipal purposes. Still the plaintiff was required to pay taxes for village purposes from which he got no benefit. The petition

alleged that the assessment of village taxes on plaintiff's property was unjust and inequitable, and that justice and equity require that the land be disconnected from the village. Even this allegation was not denied. The allegations of the petition undenied by the answer are amply sufficient to sustain the judgment of the district court, without having recourse to the presumption of law that the judgment is supported by sufficient evidence. Appellant contends that plaintiff is not the real party in interest, but liability to municipal taxation is a sufficient interest to enable him to maintain the action.

We recommend that the judgment of the district court disconnecting the half section of land described in the petition from the village of Magnet be affirmed.

PER CURIAM. For the reasons stated in the foregoing opinion, the judgment of the district court is affirmed, and this opinion is adopted by and made the opinion of the court.

AFFIRMED.