JOHN S. SCHWARTZ, APPELLANT, V. DONALD DEAN SELVAGE AND SHARON LEE SELVAGE, HUSBAND AND WIFE, APPELLEES.

277 N. W. 2d 681

Filed April 24, 1979. No. 42016.

William M. Berlowitz, for appellant.

Baylor, Evnen, Baylor, Curtiss & Grimit, for appellees.

Heard before KRIVOSHA, C. J., BRODKEY, and HASTINGS, JJ., and COLWELL and MARTIN, District Judges.

MARTIN, District Judge.

In this case plaintiff, a mailman, went up the front porch steps of defendants' residence on a normal summer day to deliver mail. He came down the same steps. Plaintiff's testimony shows he saw clutter on the steps going up and coming down, but did not use the handrail on either occasion. His evidence further indicates he slipped on some unknown object on the steps.

The lower court directed a verdict for the defendants at the close of plaintiff's evidence for the reasons: (1) The plaintiff's evidence failed to show negligence on the part of the defendants; (2) that as

a business invitee, plaintiff assumed the obvious risk and was contributorily negligent; (3) that there was no evidence to support the contention defendants could have known of the hazard, or that it was created by them.

The principal assignment of error on appeal is that the trial court erred in directing a verdict for the defendants.

Plaintiff also assigns error to the ruling on defendants' motion in limine. Since no offer of proof was made under section 27-103(1)(b), R. R. S. 1943, this is not error.

The principles of law upon which the District Court for Lancaster County directed the verdict are basic. In this action, the evidence shows that plaintiff was a business invitee on the premises. In such instances, this court has held that the mere fact that an invitee falls does not raise a presumption of negligence. Thompson v. Young Men's Christian Ass'n., 122 Neb. 843, 241 N. W. 565; Brandert v. Scottsbluff Nat. Bank & Trust Co., 194 Neb. 777, 235 N. W. 2d 864.

To argue, as does appellant, that inference could have been drawn by the jury that defendants knew of or, in the exercise of reasonable care, could have discovered the object on which plaintiff slipped, is contrary to the principle long established by Thompson v. Young Men's Christian Ass'n., *supra*, which states, "* * * the facts that go to show negligence must be established by evidence and not left to inference."

Further, plaintiff's evidence failed to establish that the hazardous condition was known to or created by the defendants so as to give rise to the duty of a warning on their part to him; and that his going up and down the steps, when the condition of the steps was obvious to him, was an assumption of risk on his part and was contributory negligence, as a matter of law, barring recovery. Nance v. Ames Plaza, Inc., 177 Neb. 88, 128 N. W. 2d 564.

The lower court obviously treated as an admission of truth all the material and relevant evidence submitted on behalf of the plaintiff and decided that there was a complete absence of probative facts to support a judgment or verdict in favor of the plaintiff. Hurlbut v. Landgren, 200 Neb. 413, 264 N. W. 2d 174.

The judgment of the District Court is affirmed.

AFFIRMED.