LOWELL DEAN HUME, APPELLANT, v. OTOE COUNTY, A
POLITICAL SUBDIVISION OF THE STATE OF NEBRASKA,
APPELLEE.
THOMAS HUME, BY HIS FATHER AND NEXT FRIEND,
LOWELL DEAN HUME, APPELLANT, v. OTOE COUNTY, A
POLITICAL SUBDIVISION OF THE STATE OF NEBRASKA,
APPELLEE.

324 N.W.2d 810

Filed October 1, 1982. No. 44392.

Richard Dinsmore and Robert Leonard, for appellant.

Michael A. Fortune and Erickson, Sederstrom, Leigh, Eisenstatt, Johnson, Kinnamon, Koukol & Fortune, P.C., for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ.

BOSLAUGH, J.

These cases, brought under the Political Subdivisions Tort Claims Act, arose out of an automobile accident which occurred on January 29, 1977, in Otoe County, Nebraska. Thomas Hume, a passenger in an automobile being operated by James P. Marion, Jr., was severely injured when the Marion automo-

bile struck the side of a semitruck and trailer at the intersection of Seven-Mile Road and U.S. Highway 73-75. An action was brought by Thomas Hume, by his father and next friend, Lowell Dean Hume, to recover damages for his personal injuries. A separate action was brought by Lowell Dean Hume to recover his damages arising out of the injuries to Thomas Hume in the accident. The actions were consolidated for trial in the District Court and have been docketed in this court as one appeal.

The accident occurred when the Marion automobile, which was proceeding in an easterly direction on Seven-Mile Road, failed to stop at the stop sign before entering the intersection. The semitruck and trailer with which the Marion automobile collided was proceeding in a southerly direction on Highway 73-75.

Highway 73-75 is a two-lane paved highway which runs generally in a north-south direction. Seven-Mile Road is a two-lane gravel road which runs generally in an east-west direction. As it approaches the intersection with Highway 73-75 from the west, Seven-Mile Road slopes slightly downhill, the grade being approximately 2 percent.

The accident occurred at about noon on a clear, cold day. There had been a snowfall of approximately 1½ inches several days before. The gravel road had been "bladed" before the accident, but there was packed snow and ice on the surface. The plaintiff alleged that the defendant county was negligent in that it had failed to prevent an accumulation of ice on Seven-Mile Road, had failed to remove the accumulation of ice upon the road, and had failed to warn persons lawfully upon the road of the conditions of the road.

The defendant's answer denied the allegations of the petitions, alleged that the sole proximate cause of the accident was the negligence of the driver Marion, and that any slippery condition of the high-

way was caused by an act of God.

The trial court found generally for the defendant; that the county had exercised ordinary care in the maintenance of the highway; that the accident was caused solely by the negligence of the operator of the Marion automobile; and that the ice on the road was a condition which could have been reasonably anticipated and was not the cause of the plaintiff's damages. The plaintiff has appealed.

Neb. Rev. Stat. § 23-2410 (Reissue 1977) provides that a political subdivision may be liable for damages caused by "insufficiency or want of repair of a highway or bridge or other public thoroughfare, which a political subdivision is liable to keep in repair . . . ." Under this statute a county is not an insurer, but is obligated only to use reasonable and ordinary care in the construction, maintenance, and repair of its highways and bridges so that they will be reasonably safe for a traveler using them while he is in the exercise of reasonable and ordinary caution and prudence. *Christensen v. City of Tekamah,* 201 Neb. 344, 268 N.W.2d 93 (1978); *McKinney v. County of Cass,* 180 Neb. 685, 144 N.W.2d 416 (1966).

An action under the Political Subdivisions Tort Claims Act is tried to the court without a jury. Neb. Rev. Stat. § 23-2406 (Reissue 1977). Upon appeal to this court the findings of fact by the trial court will not be overturned unless clearly wrong. *Lee v. City of Omaha,* 209 Neb. 345, 307 N.W.2d 800 (1981).

Although the evidence in this case was somewhat in conflict, there is sufficient evidence to sustain the finding of the trial court that the county had used ordinary care in the maintenance of the highway. The judgment for the defendant must therefore be affirmed.

The county produced expert testimony that the usual and customary procedure to remove snow from gravel roads is to "blade" the road with a maintainer; that it is not practical or desirable to

sand or salt gravel roads. There was evidence that the condition of the road near the intersection was not substantially or materially different from the condition of all gravel roads in the county at the time the accident happened. The fact that the surface of the road was partially covered with ice or packed snow was open and apparent, and there is no requirement that signs be posted to warn of such conditions.

There was further evidence that the Marion automobile could have been stopped within a relatively short distance if it was traveling at the speed established by the evidence of the plaintiff.

In *Hendrickson v. City of Kearney,* 210 Neb. 8, 12, 312 N.W.2d 677, 679 (1981), we noted that it might be possible for a city to be liable for its failure "to remove snow or to treat its streets for icy conditions, at least where the evidence is undisputed that the city has assumed such responsibilities in the past." The evidence in this case supports the finding that the county used reasonable and ordinary care in its maintenance of the highway.

It is unnecessary to consider the other assignments of error.

The judgment of the District Court is affirmed.

AFFIRMED.

CLINTON, J., participating on briefs.