TIMOTHY J. MURPHY, APPELLANT, v. WARD JUSTUS, APPELLEE.

333 N.W.2d 670

Filed May 6, 1983. No. 82-213.

Peter C. Bataillon of Sodoro, Daly & Sodoro, for appellant.

Richard C. Gordon of Walsh, Walentine, Miles, Fullenkamp & O'Toole, for appellee.

BOSLAUGH, MCCOWN, and HASTINGS, JJ., and BRODKEY, J., Retired, and COLWELL, D.J., Retired.

BOSLAUGH, J.

The plaintiff, Timothy J. Murphy, was injured on June 23, 1979, when he fell on the front steps of an apartment house at 1705 Park Avenue in Omaha, Ne-

braska, owned by the defendant, Ward Justus. This action was brought to recover the damages resulting from his injuries. The jury returned a verdict for the defendant and the plaintiff has appealed.

The apartment house is a fourplex which faces west on Park Avenue and there are three concrete steps leading from the front porch to a sidewalk that runs west from the steps. There is an iron railing on each side of the steps that extends from the porch to the bottom step. The plaintiff had lived in an apartment on the first floor of the apartment house for about 90 days and was familiar with the steps leading to the front porch. He had been up and down the steps at least twice a day during that time.

The plaintiff testified that between 7:15 and 7:30 a.m., he left his apartment to go to work. It was a clear day. "[A]s I started down the steps my foot went out from under me. As I reached for the railing it gave way, when I tried to get ahold of it to balance myself I ended up on the bottom of the steps with my foot underneath me." The plaintiff testified that it was his right foot that slipped and he grabbed the railing at the south side of the steps with his left hand. If the handrail had not given way, he would have been able to "right" himself. He thought he slipped on the first step, but it could have been the second one. He "ended up" on the landing or the sidewalk with his right leg bent up underneath him. The plaintiff testified he was looking "down in front of me" as he was walking down the steps. He further testified the steps were "cracked, patched, chipped off, and patched" and were "sandy and dirty." The plaintiff's evidence indicated the upright which supported the handrail was broken where it should have been fastened to the bottom step.

The petition alleged the defendant was negligent in failing to properly repair and maintain the steps and handrail and in failing to warn the plaintiff of

the condition of the steps and handrail. The answer alleged the plaintiff was negligent in failing to keep a proper lookout and in failing to use the handrail. The case was submitted to the jury on issues of negligence in regard to the handrail and contributory negligence in failing to keep a proper lookout at the time of the fall.

The plaintiff contends the trial court erred in failing to direct a verdict as to liability; in failing to submit an issue as to the negligent condition of the steps; and in submitting contributory negligence to the jury.

The evidence as to the condition of the handrail was in sharp conflict. The defendant's evidence was to the effect that the handrail was inspected following the accident and was found to still be firmly attached to the bottom step, although some of the concrete at that point had broken away from the surface of the bottom step.

There was evidence that the handrail at the west end could be moved back and forth sideways, that is, north and south, several inches to as much as 4 inches, but was otherwise stable.

There was no evidence as to any defective condition concerning the steps other than the testimony that the surface was "sandy and dirty." This was insufficient to make a jury issue on the condition of the steps. The conflict in the evidence concerning the condition of the handrail presented a question for the jury.

Instruction No. 2 summarized the allegations of the parties in regard to the issues of negligence and contributory negligence. Instruction No. 4 advised the jury as to the burden of proof on contributory negligence and proximate cause. Instruction No. 5 advised the jury concerning the comparative negligence rule.

At the instruction conference the plaintiff objected to instruction Nos. 4 and 5 on the ground there was no evidence that the plaintiff "had anything to do

whatsoever with contributing to the condition of the rail." There was no contention by the defendant that the plaintiff had anything to do with contributing to the condition of the handrail. It was the defendant's contention that the handrail was not defective and the plaintiff was negligent in failing to use the handrail while going down the steps.

In regard to the plaintiff's obligation to use ordinary care in walking down the steps, the duty to maintain a proper lookout is a part of the duty to use due care. *Krantz v. Marge's Mufflers, Inc.*, 184 Neb. 838, 172 N.W.2d 624 (1969). As the court stated in *Corrigan v. Younker Brothers, Inc.*, 252 Iowa 1169, 1175, 110 N.W.2d 246, 249 (1961): "[A]n invitee must ordinarily take notice of changes in floor levels, steps or other obstacles which are plainly visible to one who takes the trouble to look . . . ." In *Whitcomb v. State Fed. Sav. & Loan Assn.*, 190 Neb. 26, 29, 205 N.W.2d 652, 654 (1973), we said: "The plaintiff was familiar with the entranceway in which she fell. She had entered the building on numerous occasions and at least once after the entrance had been reconstructed. She was fully aware that there was a slight step or raise in the entrance. The threshold was open and obvious to all persons entering or leaving the building. Notwithstanding her knowledge of, and ability to see what was plainly before her, she failed to look and in some manner stumbled and fell. 'One who is capable of understanding and discretion and who fails to exercise ordinary care and prudence to avoid defects and dangers which are open and obvious is negligent or contributorily negligent.' Omaha Nat. Bank v. Omaha P.P. Dist., 186 Neb. 6, 180 N.W.2d 229. See, also, Mendoza v. Aguilera, *supra*; Costello v. Simon, *supra*."

The evidence as to exactly how the plaintiff fell on the steps is quite vague. The petition alleged that the plaintiff had "stumbled on a crack in the steps," but there was no evidence to support that allegation.

The plaintiff was unsure whether he slipped on the first or second step and did not explain why he slipped. One inference that can be drawn from the evidence is that he does not know. There was medical testimony to the effect that due to a previous injury it was possible for the plaintiff's knee to "give" and not support the plaintiff's weight on that side of his body. As to lookout, his only testimony was that he was looking "down in front of me," with no explanation as to whether he was watching the steps or something else.

When the evidence is viewed in the light most favorable to the defendant, the jury could have concluded that the plaintiff fell on the steps because he was not paying sufficient attention to what he was doing when he went down the steps. If the jury believed the defendant's evidence and found that the handrail was not defective or a proximate cause of the plaintiff's fall, then it could conclude that the plaintiff's negligence was the proximate cause of the accident. The plaintiff himself testified that he would have been able to "right" himself if the handrail had not given way.

There being no error, the judgment is affirmed.

AFFIRMED.