SHIRLEY RODGERS, INDIVIDUALLY AND AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF HAROLD RODGERS,
DECEASED, APPELLANT, V. CHIMNEY ROCK PUBLIC
POWER DISTRICT, A CORPORATION, APPELLEE.

345 N.W.2d 12

Filed March 2, 1984.   No. 83-087.

Jim Zimmerman of Atkins, Ferguson, Zimmer-
man, Carney & Law, and Joseph M. Epstein of
Kripke and Epstein, P.C., for appellant.

Holtorf, Kovarik, Nuttleman, Ellison, Mathis & Javoronok, P.C., for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

This is a wrongful death action brought under the Political Subdivisions Tort Claims Act by the personal representative of Harold Rodgers, deceased. Rodgers, who will be referred to as the plaintiff, was electrocuted on October 8, 1980, while working on his farm in Morrill County, Nebraska.

The defendant, Chimney Rock Public Power District, is engaged in the distribution and sale of electrical power. In 1965, at about the time the plaintiff moved onto his property, the defendant constructed a 7,200-volt distribution line across a part of the property. The line ran from the "south pole," which was located near the south boundary of the property, to the "north pole," or meter pole, which was located on the property north and east of the plaintiff's house. At the time the line was constructed a transformer mounted on the south pole was moved to the north pole. The meter was also mounted on the north pole.

The distribution line consisted of two uninsulated wires located one above the other, and ran above a well located approximately 75 feet south of the north pole. At that point the neutral wire was approximately 19 feet above the ground. The primary wire, also described as the "hot" or phase wire, was approximately 22 feet 6 inches above the ground.

The well pit was covered by a concrete cap or slab approximately 5½ feet square, the top of which was approximately level with the surface of the ground. A manhole cover on the slab could be removed to gain access to the well pit. At the time the distribution line was constructed, the well pit was covered with wooden planks.

Rodgers was engaged in cleaning sand from the

well at the time he was electrocuted. A part of the equipment he was using consisted of a metal pipe approximately 28 or 30 feet in length which was to be placed in the well. Air from a compressor would then be piped into the well so that sand between the casings would be forced up and out of the well. Although there were no witnesses to the accident, burn marks found on the pipe indicate that it came in contact with the primary or phase wire of the distribution line while it was being used by Rodgers. The electric current which traveled down the pipe from the primary or phase wire caused Rodgers to be electrocuted.

The amended petition alleged that the defendant was negligent and the line was defective because the line was not insulated; it was not constructed at a sufficient height above the ground; and it passed over the well. The answer alleged contributory negligence and assumption of risk.

The trial court found that the defendant was negligent in maintaining the uninsulated distribution line across the plaintiff's farmyard but that the plaintiff was guilty of negligence which was more than slight, which was a proximate cause or a proximately contributing cause of the accident, and that the plaintiff had assumed the risk of injury from the dangerous condition. The petition was dismissed.

The findings of fact of the trial court in a proceeding under the Political Subdivisions Tort Claims Act will not be disturbed unless they are clearly wrong. *Rawson v. City of Omaha*, 212 Neb. 159, 322 N.W.2d 381 (1982).

The record shows that Rodgers was 48 years of age at the time he was electrocuted. The distribution line had been in place for approximately 15 years. The plaintiff knew of the existence of the line and the dangerous nature of electricity, and in moving equipment and haystacks was careful to avoid coming in contact with the lines. The plaintiff's father, Cecil Rodgers, testified that the plaintiff

had assisted him in installing electric wiring and that 5 or 6 years ago they had installed an electric fence wire by fastening it to the poles a short distance below the neutral wire. About 5 years before the accident, the plaintiff had used a Farmhand mounted on a tractor to clean and deepen the well.

There are a number of precautions which the plaintiff could have taken, any one of which would have avoided the accident. The plaintiff could have requested that the line be deenergized while the well was being cleaned. A plastic pipe could have been substituted for the metal pipe. Instead, the plaintiff went about the task of cleaning the well in complete disregard of the danger inherent in the overhead power line.

The case is similar in some respects to *Disney v. Butler County Rural P.P. Dist.*, 183 Neb. 420, 160 N.W.2d 757 (1968), in which the plaintiff was injured while moving an irrigation sprinkler under a 7,200-volt power line on his farm. One of the sprinkler arms struck the hot line, or arced with the hot line, resulting in a serious electrical shock to the plaintiff. In holding that the trial court had properly dismissed the action on the ground that the plaintiff was guilty of contributory negligence as a matter of law, we said: "The general rule is accurately set out in 29 C.J.S., Electricity, § 53, p. 1115: 'One who has notice of a dangerous condition of a wire or other electrical appliance and voluntarily or recklessly brings himself into contact with it, as by touching it with conductors of electricity, is guilty of negligence and cannot hold the company for the resulting injuries, and this is true of an adult although he is wholly unskilled in the handling of electricity. * * * To constitute want of due care on his part it is not required that he should have anticipated the exact risk which occurred or that the peril was a deadly one; it is sufficient that he placed himself in a position of a known danger where there was no need for him to be or that he knew or should have

known that substantial injury was likely to result from his acts.' '' *Id.* at 423-24, 160 N.W.2d at 759.

We further stated: "Unless we were to hold the defendant liable on the doctrine of absolute liability for injuries arising from the transmission of electricity, the facts in this case are conclusive of contributory negligence on the part of the plaintiff. Clearly the plaintiff was capable of understanding and discretion, at the time had knowledge of and was conscious of the danger involved, knew of the dangerous condition, and failed to exercise ordinary care to avoid dangers which were open and obvious." *Id.* at 424, 160 N.W.2d at 760.

In the *Disney* case we further held that the plaintiff had assumed the risk of injury, and stated: " 'One who knows of a dangerous condition, appreciates its dangerous nature, and deliberately exposes himself to the danger assumes the risk of injury from it.' '' *Id.* at 423, 160 N.W.2d at 759.

See, also, *Connolley v. Omaha Public Power Dist.*, 185 Neb. 501, 177 N.W.2d 492 (1970); *Omaha Nat. Bank v. Omaha P.P. Dist.*, 186 Neb. 6, 180 N.W.2d 229 (1970); *Lorence v. Omaha P.P. Dist.*, 191 Neb. 68, 214 N.W.2d 238 (1974).

One who is capable of understanding and discretion, such as the plaintiff in this case, and who fails to exercise ordinary care and prudence to avoid defects and dangers which are open and obvious is negligent or contributorily negligent. The evidence was sufficient for the trial court to find that the plaintiff was guilty of contributory negligence which was more than slight and that the plaintiff had assumed the risk of injury from contact between the metal pipe and the primary or phase wire.

The plaintiff called an expert witness, a forensic psychologist, who was allowed to testify that in her opinion the conduct of the plaintiff was reasonable. In effect, this witness testified that it is human nature sometimes to ignore the obvious and disregard the familiar, and a person may be so distracted by

his work that at the time the accident occurs the injured party is unaware of the dangerous condition which results in an injury. It is still the rule in this jurisdiction that one must exercise ordinary care for his own safety, and this duty is commensurate with the danger to which he is exposed. There is no rule which protects an injured party who assumes the risk of injury and fails to use due care to avoid injury from dangers which are open and obvious.

The plaintiff urges that we adopt the doctrine of strict liability with respect to the distribution of electrical power and that electric power should be considered to be a product or "goods," so that the rules regarding implied warranties would be applicable.

We adhere to the following rules which were stated in *Roos v. Consumers Public Power Dist.*, 171 Neb. 563, 106 N.W.2d 871 (1961), and *Lorence v. Omaha P.P. Dist., supra.*

"A power company engaged in the transmission of electricity is required to exercise reasonable care in the construction and maintenance of its lines. The degree of care varies with the circumstances, but it must be commensurate with the dangers involved, and where wires are designed to carry electricity of high voltage, the law imposes upon the company the duty of exercising the utmost care and prudence consistent with the practical operation of its business to avoid injury to persons and property. *Scott v. Claiborne Electric Co-operative* (La), 13 So. 2d 524; *Gellert v. Missouri Service Co.* (Mo.), 221 S.W.2d 177; *Rice v. City of Lumberton*, 235 N.C. 227, 69 S.E.2d 543. Electric companies are not insurers of the safety of the public and hence are not liable for injuries unless guilty of some wrongful act or omission. *New Omaha Thompson-Houston Electric, Light Co. v. Anderson*, 73 Neb. 84, 102 N.W. 89. Such companies, being engaged in the transmission of a dangerous commodity, must anticipate and guard against events which may reasonably be expected to occur, and a failure to do so is negligence." *Roos v.*

*Consumers Public Power Dist.*, *supra* at 570-71, 106 N.W.2d at 876.

"Power companies engaged in the transmission of electricity, especially electricity of high voltage, are charged with the duty of exercising a very high degree of care to safeguard those whose lawful activities expose them to the risk of inadvertent contact with the electric lines but they are not insurers and not liable for damages in the absence of negligence." *Lorence v. Omaha P.P. Dist.*, *supra* at 72, 214 N.W.2d at 240.

The judgment of the district court is affirmed.

AFFIRMED.