MARGARET GILBERT, APPELLANT, V. CITY OF TEKAMAH,
APPELLEE.

379 N.W.2d 758

Filed January 17, 1986. No. 84-638.

Clarence E. Mock of Johnson and Mock, for appellant.

Thomas A. Grennan of Gross, Welch, Vinardi, Kauffman & Day, P.C., for appellee.

KRIVOSHA, C.J., and CAPORALE, J., and BLUE and OLBERDING, D. JJ., and COLWELL, D.J., Retired.

COLWELL, D.J., Retired.

This is a suit under the Political Subdivisions Tort Claims Act, Neb. Rev. Stat. §§ 23-2401 et seq. (Reissue 1983), for damages claimed by the plaintiff, Margaret Gilbert, arising from a two-car collision on G Street in Tekamah, Nebraska. The Burt County District Court sustained the defendant's motion for summary judgment. The plaintiff appeals, claiming that there were genuine issues of material fact and that the

defendant was not entitled to judgment as a matter of law. We agree with the first assigned error and reverse and remand for trial.

Plaintiff alleges that she was personally injured and damaged as a proximate result of the city's negligence in the design, construction, and maintenance of G Street and as a result of the city's failure to warn of the street's dangerous condition. The city answered, denying any breach of duty and alleging Margaret's contributory negligence and assumption of risk. In support of its motion for summary judgment, the city offered the depositions of plaintiff and Steve Devening, the other driver, and of Thomas L. Harris, a former Tekamah chief of police. Margaret offered five photographs of the street area and accident scene.

A party is entitled to summary judgment if the pleadings, depositions, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact, that the ultimate inferences to be drawn from those facts are clear, and that the moving party is entitled to judgment as a matter of law. *Smith v. Baker's Local No. 433 Welfare Fund, ante* p. 215, 375 N.W.2d 922 (1985). The burden is on the party moving for summary judgment to show that no issues of material fact exist, and unless that party can conclusively do so, the motion must be overruled. *Green v. Village of Terrytown*, 189 Neb. 615, 204 N.W.2d 152 (1973). Accordingly, we examine the facts as disclosed in the record.

Reservoir Hill is the local name of a steep hill where G Street, running east and west, and 16th Street, running north and south, intersect at its crest. G Street west of the crest is a two-lane, gravel-surfaced street having a "Narrow Road" sign south and west of the intersection. At the crest of the hill, G Street abruptly veers in a northeasterly direction for a short distance and then proceeds east on a narrow blacktop surface.

The precise grade of the hill and the angle of the street deviation are not in the record. The evidence shows only that the hill on both sides is very steep, presenting a blind intersection for all east-west traffic. Travelers from the west to east have no view of approaching traffic until the crest of the hill has been fully passed. In the record the blacktop road on the

east side of the hill is variously described as "hazardous," "narrow," "a one-way street," and a road with space for two compact cars to pass. Margaret stated in her deposition that a ditch on the south side and banks on both sides of the blacktop prevent vehicles from traversing any part of the road other than the blacktop surface. However, photos in the record suggest the contrary. There is no evidence of an accurate measurement of the width of the blacktop, any shoulder space, or the two combined.

On the morning of September 26, 1981, with clear weather and dry surfaces, Margaret Gilbert was driving her Ford Fiesta west on G Street at a slow rate of speed in low gear on the east side of the hill toward the north edge of the street. At the same time, Steve Devening was driving his automobile east across the crest of the hill at a speed of 3 to 5 miles per hour. His car apparently was north of the estimated middle of the blacktop. Margaret had driven over this street each day for more than 10 years, while Devening had driven over the hill about 100 times. Devening did not see Margaret's vehicle until the two cars collided, about 50 feet east of the crest of the hill. Margaret first saw the Devening car when it was about 50 feet away, and the steepness of the hill gave her a view of only the underside of the other car. The cars impacted at the left front of each vehicle, forcing Margaret's car backwards down the hill.

Section 23-2410 provides the statutory basis for Margaret's suit. The statute provides a cause of action for damages to a person who suffers personal injury, loss of life, or property damage through the "insufficiency or want of repair of a highway or bridge . . . which a political subdivision is liable to keep in repair."

A city is obligated to use reasonable and ordinary care in the construction, maintenance, and repair of its streets so that they will be reasonably safe for a person using them while that traveler is exercising reasonable and ordinary caution and prudence. See *Hume v. Otoe County*, 212 Neb. 616, 324 N.W.2d 810 (1982). We have repeatedly held that a city is not an insurer of the safety of a person who uses streets maintained for the public use. *Shields v. County of Buffalo*, 161 Neb. 34, 71 N.W.2d 701 (1955). Generally, negligence may not be

predicated on a curve or variation in a road or the location or dimension of a bridge according to road plans "unless *it is so obviously dangerous that no reasonable or prudent man would approve the plans*." (Emphasis supplied.) See *Olson v. County of Wayne*, 157 Neb. 213, 220, 59 N.W.2d 400, 404 (1953). The burden is on the plaintiff to establish that the political subdivision was negligent and that its negligent act or omission was the proximate cause of the injury or damage or that it was a cause that proximately contributed to it. *Christensen v. City of Tekamah*, 201 Neb. 344, 268 N.W.2d 93 (1978).

Regarding the first assigned error, summary judgment is not appropriate, even where there are no conflicting evidentiary facts, if the ultimate inferences to be drawn from those facts are not clear. It is an extreme remedy which should be awarded only when the facts and inferences are clear beyond all doubt. Ordinarily, questions of negligence and contributory negligence are for a jury, see *Krehnke v. Farmers Union Co-Op Assn.*, 199 Neb. 632, 260 N.W.2d 601 (1977), as is the question of reasonableness in the performance of a duty.

From a review of the record in the light most favorable to plaintiff, giving her the benefit of all favorable inferences to be drawn therefrom, *Witherspoon v. Sides Constr. Co.*, 219 Neb. 117, 362 N.W.2d 35 (1985), we conclude that genuine questions of material fact concerning the city's duty of reasonable care to the plaintiff and the public existed so as to render summary judgment inappropriate. First, there is a conflict in the evidence concerning the width of G Street on the east side of the hill and the existence and width of shoulders on each side of the blacktop surface. Second, there is uncertainty in the ultimate inferences to be drawn from the steep grade of the street on both sides of the hill, the lack of visibility for drivers crossing the crest of the hill, the curvature of the road from the south to the north on the east side of the hill, and the adequacy or inadequacy of traffic controls. Our task is not to decide issues of fact but to discover if any genuine issues of fact exist. *Green v. Village of Terrytown*, 189 Neb. 615, 204 N.W.2d 152 (1973). We examine the evidence relative to the city's duty without regard to evidence of Margaret's knowledge of the road's condition, her own acts, or the ultimate issue of proximate

cause.

Due to the manner in which we decide this case, we do not reach the plaintiff's second assigned error. Since defendant was not entitled to judgment as a matter of law, we reverse and remand for trial.

REVERSED AND REMANDED.

KRIVOSHA, C.J., dissenting.

I must respectfully dissent from the majority in this case. I believe that the district court was correct in granting summary judgment. As noted by the majority:

> A party is entitled to summary judgment if the pleadings, depositions, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact, that the ultimate inferences to be drawn from those facts are clear, and that the moving party is entitled to judgment as a matter of law. *Smith v. Baker's Local No. 433 Welfare Fund*, ante p. 215, 375 N.W.2d 922 (1985).

In my view the appellant was barred from recovering against the City of Tekamah by reason of having assumed the risk, knowing full well of the dangers present. The record conclusively establishes that Ms. Gilbert was thoroughly familiar with the intersection, having driven over the street each day for more than 10 years, and could have taken an alternate route if she wished. In *Rodgers v. Chimney Rock P.P. Dist.*, 216 Neb. 666, 670, 345 N.W.2d 12, 15 (1984), we repeated the oft-cited rule regarding assumption of risk by saying: " ' "One who knows of a dangerous condition, appreciates its dangerous nature, and deliberately exposes himself to the danger assumes the risk of injury from it." ' "

In *Lindelow v. Peter Kiewit Sons', Inc.*, 174 Neb. 1, 115 N.W.2d 776 (1962), the plaintiff was held to have assumed the risk when injured by diving off the defendant's raft without first checking the water depth. And in *Schwartz v. Selvage*, 203 Neb. 158, 277 N.W.2d 681 (1979), the plaintiff mailman, who slipped on an unknown object on defendant's residence steps, was held to have assumed the risk because he saw the clutter on the steps and did not use the handrail.

One who, knowing and comprehending a danger, voluntarily

exposes himself to it, although not negligent in so doing, is deemed to have assumed the risk and is precluded from recovery. See, *Hess v. Holdsworth*, 176 Neb. 774, 127 N.W.2d 487 (1964); *Garcia v. Howard*, 200 Neb. 57, 262 N.W.2d 190 (1978).

It therefore appears to me that regardless of how wide, in fact, the street may be or how steep the grade of the street may be, the lack of visibility for drivers crossing the crest of the hill, the curvature of the road from the south to the north on the east side of the hill, and the adequacy or inadequacy of traffic controls, when one accepts the fact that with knowledge of the intersection and the apparent dangers thereof, Ms. Gilbert, nevertheless, proceeded, one must also conclude that she is barred from recovery. A summary judgment, therefore, was appropriate. I would have affirmed the decision of the district court.