IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


BORCHMAN V. BURLINGTON CAPITAL PROPERTIES


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


JOY BORCHMAN, APPELLANT,

V.

BURLINGTON CAPITAL PROPERTIES, LLC, AND
6801 LIMITED PARTNERSHIP, APPELLEES.


Filed February 23, 2021.    No. A-20-479.


Appeal from the District Court for Douglas County: PATRICIA A. LAMBERTY, Judge. Affirmed.

Zachary Lutz-Priefert and Eric J. Sutton, of Gross & Welch, P.C., L.L.O., for appellant.

Thomas J. Guilfoyle, of Erickson & Sederstrom, P.C., for appellees.


MOORE, BISHOP, and WELCH, Judges.

WELCH, Judge.

## INTRODUCTION

Joy Borchman appeals the order of the Douglas County District Court granting summary judgment in favor of Burlington Capital Properties, LLC, and 6801 Limited Partnership. For the reasons set forth herein, we affirm.

## STATEMENT OF FACTS

On September 9, 2016, Borchman fell on the steps outside her apartment in Omaha, Nebraska, injuring her legs. As a result of the fall and injury, Borchman brought a lawsuit against 6801 Limited Partnership, owner of the apartment complex, and Burlington Capital Properties, manager of the property (hereinafter referred to collectively as "Appellees"). Borchman's lawsuit alleged that while descending the steps outside of her apartment, her heel became caught on

"stripping material" that had peeled away from the steps resulting in Borchman breaking both of her legs. She further alleged that the Appellees were negligent in failing to maintain the steps and in failing to remove faulty and defective steps. Borchman alleged the Appellees knew or should have known the steps were not maintained in an appropriate condition and that Borchman and other tenants had reported defects in the steps and that the steps were in a poor condition.

## MOTION FOR SUMMARY JUDGMENT

In March 2020, the Appellees filed a motion for summary judgment asserting that Borchman's own negligence, not the Appellees' negligence, resulted in her falling down the steps. During the summary judgment hearing, the Appellees offered Borchman's July 2019 deposition and accompanying photographic deposition exhibits. The court also received into evidence an affidavit from Tina Wagner, a manager for Burlington Capital.

## BORCHMAN'S DEPOSITION

During her deposition, Borchman testified that she fell as she and a friend were leaving Borchman's apartment around 9 p.m., Borchman stated that her friend recalled seeing "a piece of that [nonskid] tape blow up over my foot," but Borchman explained, "I don't recall that. I just remember feeling something sticky under my heel." Later, Borchman stated she never saw any balled-up, nonskid tape on the area of the stair she believed led to her fall because it was dark outside, the light from the building was behind her, and she was looking at the parking lot instead of watching where she was stepping. When asked if she "[knew] for sure what [she] tripped on or fell over," Borchman replied, "Yes. It wasn't a trip, it was a sticky piece of something or other. Something sticky, because I can still feel that feeling. . . . No, I didn't see it. It was dark. . . . I knew the tape was there. . . . That's the only thing that was on the step, was the tapes." Borchman recalled that there were portions of the nonskid tape on most of the steps.

Borchman was also asked, "Was there a portion of a step that had a balled-up or wadded-up portion of this non[skid] material on it," to which Borchman replied, "Not that I recall until -- till I stepped on it. . . . But I didn't see it ahead of time." However, she admitted she did not see it after her fall either. When asked how she knew this information, Borchman explained, "It comes from my reasoning, I think, that there was nothing else blocking the stairs or anything like that to trip on." When asked if she had talked to anyone in her apartment who had reported the nonskid tape as a problem, she replied no, nothing specific about the nonskid tape, but that there were complaints about the condition of the steps and that she had reported the condition of the steps to the manager "more than once." Borchman further acknowledged in her deposition that she did not use the handrail at the time of the accident because the handrail was wet from a rainfall earlier in the day. Borchman also acknowledged in her deposition that although she initially claimed she fell from the second step from the sidewalk, after giving the matter further thought, she now believed she had fallen from the fifth step. During her deposition, Borchman testified that photographs marked as deposition exhibits 9 through 20, 22, and 23, were accurate depictions of the steps as she remembered them. These photographs show that there was no nonskid tape on either step number 2 or step number 5.

WAGNER'S AFFIDAVIT

In Wagner's affidavit, she stated that she has managed Borchman's apartment complex from March 2016 to the date of her May 2020 affidavit. She explained that she had not received complaints about the outside steps for Borchman's apartment building, but upon learning of the accident, Wagner requested that the maintenance department "check and make sure there was nothing wrong with the steps." Tristan Holton, a maintenance technician at Borchman's apartment complex, inspected the steps. Holton's September 12, 2016, investigation report, which was attached to Wagner's affidavit, stated that he observed "nothing wrong with [the] deck or steps." Wagner stated no repairs, modifications, or changes were made to the exterior steps of Borchman's building after Borchman's accident.

DISTRICT COURT ORDER

In the order on the motion for summary judgment, the district court found Borchman had traversed the steps at least twice per day for approximately 2 years, had gone up the steps at 4 p.m. on the day of the accident, and did not see loose nonskid tape which she blames for her fall. The district court noted Borchman first claimed she fell from step number 2, then later concluded she must have fallen from step number 5, and that the photographic exhibits did not show nonskid tape on either step. The district court also relied on Wagner's affidavit, which the court found established that no one complained about the steps and that there was nothing wrong with the steps.

The district court determined the present case was similar to *Herrera v. Fleming Cos.*, 265 Neb. 118, 655 N.W.2d 378 (2003). In *Herrera*, the Nebraska Supreme Court affirmed the district court's granting of summary judgment against a customer who alleged she slipped on a wet floor in a store noting the customer failed to produce evidence that the store knew or should have known of the wet floor. Similarly, the district court found Borchman did not provide evidence that the Appellees created a condition or knew of the condition.

Additionally, the district court found that Borchman breached her duty to use due care by not using a handrail as she descended the steps. The district court noted Nebraska Supreme Court precedent indicates that a plaintiff breaches his duty to use due care in not using a handrail, citing *Schwartz v. Selvage*, 203 Neb. 158, 277 N.W.2d 681 (1979), and in failing to watch where he or she is stepping, citing *Murphy v. Justus*, 214 Neb. 272, 333 N.W.2d 670 (1983). The district court ultimately granted summary judgment in favor of the Appellees dismissing the matter with prejudice. Borchman has timely appealed to this court.

ASSIGNMENTS OF ERROR

Borchman assigns that the district court erred in (1) granting the Appellees' motion for summary judgment because there are multiple disputes of material facts in this case, (2) making findings of disputed facts in considering the Appellees' motion for summary judgment, (3) granting the motion for summary judgment because the Appellees are not entitled to judgment as a matter of law, and (4) finding that Borchman breached her own duty of care when she decided not to use a wet and slick handrail when descending the exterior steps of her apartment.

STANDARD OF REVIEW

An appellate court reviews the district court's grant of summary judgment de novo, viewing the record in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Kaiser v. Allstate Indemnity Co.*, 307 Neb. 562, 949 N.W.2d 787 (2020).

On a motion for summary judgment, failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Freeman v. Hoffman-La Roche, Inc.*, 300 Neb. 47, 911 N.W.2d 591 (2018).

ANALYSIS

Borchman's first assignment of error is that the district court erred in granting the Appellees' motion for summary judgment because there are multiple disputes of material facts in this case. She argues the district court improperly decided issues of fact and that the court drafted its own statement of facts but failed to indicate if the facts are disputed, not disputed, or not material. Borchman contends this amounts to an improper decision by the district court warranting reversal.

In determining which facts are material here, we note both parties characterize the present action as a premises liability case. The Nebraska Supreme Court recently set forth the appropriate analytical framework for premises liability cases, opining:

> We have cautioned that "[n]ot every negligence action involving an injury suffered on someone's land is properly considered a premises liability case." Generally speaking, our premises liability cases fall into one of three categories: (1) those concerning the failure to protect lawful entrants from a dangerous condition on the land, (2) those concerning the failure to protect lawful entrants from a dangerous activity on the land, and (3) those concerning the failure to protect lawful entrants from the acts of a third person on the land.

*Sundermann v. Hy-Vee*, 306 Neb. 749, 765, 947 N.W.2d 492, 504 (2020). Here, Borchman sued the Appellees alleging she was injured on the steps leading from her apartment when her heel was caught "by stripping material . . . which had peeled away" from the steps, which she contends was an unreasonably dangerous condition on the property.

There are five elements of a premises liability case for the failure to protect lawful entrants from a dangerous condition on the land:

> (1) the possessor either created the condition, knew of the condition, or by the existence of reasonable care would have discovered the condition; (2) the possessor should have realized the condition involved an unreasonable risk of harm to the lawful visitor; (3) the possessor should have expected that a lawful visitor such as the plaintiff either (a) would not discover or realize the danger or (b) would fail to protect himself or herself against the danger; (4) the possessor failed to use reasonable care to protect the lawful visitor against the danger; and (5) the condition was a proximate cause of damage to the plaintiff.

*Id.* at 766, 947 N.W.2d at 505.

The first element of the premises liability test can be met by proving that the possessor created the condition, knew of the condition, or would have discovered the condition by the

exercise of reasonable care. *Sundermann, supra*. Inherent in this analysis is that there is an identifiable condition on the land.

A person who alleges negligence on the part of another bears the burden to prove such negligence by direct or circumstantial evidence. *Herrera v. Fleming Cos.*, 265 Neb. 118, 655 N.W.2d 378 (2003). The mere fact that an injury or accident occurred does not raise a presumption of negligence. *Id.*

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Id.* A prima facie case for summary judgment is shown by producing enough evidence to demonstrate that the movant is entitled to a judgment in its favor if the evidence were uncontroverted at trial. *Id.* At that point, the burden of producing evidence shifts to the party opposing the motion. *Id.*

Appellees filed a motion for summary judgment claiming they were entitled to judgment as a matter of law. At the hearing thereon, Appellees offered the affidavit of Wagner who asserted that as manager of Borchman's apartment complex, she had not received any complaints about the outside steps of Borchman's apartment, but upon hearing of the accident, she contacted maintenance and as a result, Holton, a maintenance technician, inspected the steps. Holton's September 12, 2016, investigation report stated he had observed "nothing wrong with [the] deck or steps." Further, Wagner's affidavit stated no modifications or changes were made to the deck or steps following the incident.

As the party moving for summary judgment, the Appellees established that there were no known dangerous condition on the steps that caused Borchman's fall. If these facts remained uncontroverted, the Appellees were entitled to summary judgment as a matter of law. Stated differently, at that point, the burden of producing evidence that a dangerous condition existed which Appellees created, knew of, or by the exercise of reasonable care would have discovered, shifted to Borchman.

Borchman attempted to provide this evidence through her deposition testimony. Within that deposition, Borchman stated that her friend, who was present when Borchman fell, said "he saw a piece of that [nonskid] tape blow up over my foot. I don't recall that. I just remember feeling something sticky under my heel." Borchman herself admitted that she never saw any balled-up, nonskid tape on the area of the stair which tape she believed led to her fall. She surmised that she did not see the tape because it was dark outside, the light from the building was behind her, and she was looking at the parking lot instead of watching where she was stepping. Further, although Borchman testified that she did not "trip," and that her fall was caused by "[s]omething sticky, because I can still feel that feeling," she admitted that she "didn't see it. It was dark. . . . I knew the tape was there. . . . That's the only thing that was on the step, was the tapes." However, Borchman admitted that she did not see any portion of a step that had balled-up or a wadded-up portion of the non-skid material on it either "ahead of time" or after her fall. She explained that her information regarding what caused her fall "comes from my reasoning, I think, that there was nothing else blocking the steps or anything like that to trip on." When asked if she had talked to anyone in her apartment who had reported the nonskid tape as a problem, she replied no, that there were complaints about the condition of the steps, but nothing specific about the nonskid tape.

Additionally, in her deposition, Borchman acknowledged that although she initially claimed she fell from the second step from the sidewalk, after giving the matter further thought, she later believed she had fallen from the fifth step. Photographs marked as deposition exhibits 4 and 9, show that there was no nonskid tape on either steps 2 or 5.

Borchman's own testimony establishes that she is speculating as to the condition that led to her injuries. Although Borchman testified that she knew balled-up, nonskid tape had caused her fall because there was nothing blocking the steps or "anything like that to trip on," she also stated she was not looking at the steps as she descended them, could not see because it was dark, and that she never saw balled-up, nonskid tape on the steps. We further note that upon subsequent inspection, there was no tape on either of the steps on which Borchman alleges she fell, nor did she provide any evidence from which a reasonable inference could be drawn that a dangerous condition existed, or that Appellees knew of the specific condition, or by the exercise of reasonable care should have discovered the dangerous condition.

We note that "[c]onclusions based on guess, speculation, conjecture, or a choice of possibilities do not create material issues of fact for the purposes of summary judgment; the evidence must be sufficient to support an inference in the nonmovant's favor without the fact finder engaging in guesswork." *In re Estate of Fuchs*, 297 Neb. 667, 678-79, 900 N.W.2d 896, 905 (2017). On a motion for summary judgment, failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Freeman v. Hoffman-La Roche, Inc.*, 300 Neb. 47, 911 N.W.2d 591 (2018).

Because Borchman's conclusion about the condition on the property causing her fall is based on guess or speculation, she has failed to provide sufficient evidence to create a reasonable inference that a dangerous condition existed, the first element necessary to maintain her case, and the remaining facts are thus immaterial. Summary judgment may be granted if there are no genuine disputes of material fact and the moving party is entitled to judgment as a matter of law. *Peterson v. Homesite Indemnity Co.*, 287 Neb. 48, 840 N.W.2d 885 (2013). Therefore, we cannot say the district court erred in finding there were no genuine issues of material fact and that the Appellees were entitled to judgment as a matter of law.

Having determined that Borchman failed to prove the first element necessary to maintain her case and, consequently, the district court properly entered summary judgment in favor of the Appellees, we need not consider Borchman's remaining assignments of error. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it. *Cain v. Lymber*, 306 Neb. 820, 947 N.W.2d 541 (2020).

CONCLUSION

For the reasons included herein, we affirm the district court's order granting summary judgment in favor of the Appellees.

AFFIRMED.